**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO HERNANDEZ HOLGUIN, | No. 19-17163 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00346-DAD-BAM |
| v. | |
| R. WICKS, Correctional Lieutenant, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Pablo Hernandez Holguin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that he was denied due process during a prison disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Wicks because Holguin failed to raise a genuine dispute of material fact as to whether Wicks failed to afford him all of the process that he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements in prison disciplinary proceedings and explaining that prison authorities have discretion not to call witnesses, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases").

**AFFIRMED.**